UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
EDWARD M.,

                              Plaintiff,     <u>REPORT & RECOMMENDATION</u>
                                                 7:24-cv-07908-KMK-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In December of 2020, Plaintiff Edward M.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by the Law Office of Charles E. Binder and Harry Binder, LLP, Charles E. Binder, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

This case was referred to the undersigned for a report and recommendation on December 10, 2025. Presently pending are the parties' competing requests for judgment on the pleadings under Rule 12

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

(c) of the Federal Rules of Civil Procedure. For the following reasons, it is recommended that Plaintiff's request should be granted, the Commissioner's request should be denied, and this matter should be remanded for further proceedings.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on December 11, 2020, alleging disability beginning March 1, 2000. (T at 350-59).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on December 22, 2022, before ALJ Flor M. Suarez.  (T at 91-131).  Plaintiff appeared with an attorney and testified. (T at 107-26).  A second hearing was held on September 7, 2023, before the same ALJ. (T at 61-90).  Plaintiff appeared with counsel and provided additional testimony. (T at 70-74). The ALJ also received testimony from Debra Horton, a vocational expert. (T at 79-85).

### B.    ALJ's Decision

On February 7, 2024, the ALJ issued a decision denying the application for benefits. (T at 39-60).  The ALJ found that Plaintiff had not

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 9.

engaged in substantial gainful activity since December 11, 2020 (the application date). (T at 45).

The ALJ concluded that Plaintiff's hyperlipidemia, type two diabetes mellitus, essential hypertension, nasal septal deviation, androgenetic alopecia, cicatricial alopecia hair loss, burn of scalp, glaucoma suspect, bilateral myopia, unspecified bilateral astigmatism, presbyopia, bullous pemphigoid, chronic viral hepatitis B without Delta agent, benign prostatic hyperplasia, impacted cerumen, right kidney stone, nasal congestion, hyperglycemia, urinary frequency, situational anxiety disorder, bipolar disorder, and learning disorder were medically determinable impairments as defined under the Social Security Act. (T at 45).

But the ALJ found that Plaintiff did not have an impairment or combination of impairments that has significantly limited (or was expected to significantly limit) his ability to perform basic work-related activities for 12 consecutive months. (T at 45).  As such, the ALJ concluded that Plaintiff did not have a severe impairment or combination of impairments, as defined under the Act. (T at 45).

Accordingly, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to

benefits for the period between December 11, 2020 (the application date) and February 7, 2024 (the date of the ALJ's decision). (T at 55-56).

On August 27, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-5).

### C.    Procedural History

Plaintiff commenced this action by filing a Complaint on October 13, 2024. (Docket No. 1).  Plaintiff filed a brief requesting judgment on the pleadings on March 7, 2025. (Docket No. 14).  The Commissioner interposed a brief in opposition to Plaintiff's request and in support of a request for judgment on the pleadings on April 24, 2025. (Docket No. 17). Plaintiff submitted a reply brief on May 2, 2025. (Docket No. 18).

## II. APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

4

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....”  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a “severe impairment” which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a “severe impairment,” the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not “listed” in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

6

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.   DISCUSSION

Plaintiff offers two main arguments in support of his request for judgment on the pleadings.  First, Plaintiff contends that the ALJ's conclusion that his mental impairments were not severe, as defined under the Social Security Act, is not supported by substantial evidence.  Second, Plaintiff challenges the ALJ's assessment of his subjective complaints.  The Court will address each argument in turn.

### A. Step Two Analysis

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20

C.F.R. §§ 404.1520(c), 416.920(c). The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co workers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995). Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

In the present case, the ALJ recognized that Plaintiff had multiple medically-determinable mental impairments – situational anxiety disorder,

bipolar disorder, and learning disorder. (T at 45).  But the ALJ found that these impairments, singly and in combination, caused no limitation in his ability to meet the mental demands of basic work activity. (T at 49-52).

The Court finds that the ALJ's assessment is not supported by substantial evidence. Here's why.

First, the ALJ's conclusion is inconsistent with the medical opinion evidence.

Dr. Abrah Sprung performed a consultative psychiatric evaluation in February of 2021.  Plaintiff presented as cooperative, with appropriate affect and intact attention and concentration, and demonstrated mildly impaired memory skills, with below-average intellectual functioning and "fair to poor" insight and judgment. (T at 563).

Dr. Sprung diagnosed unspecified bipolar disorder, with anxious distress, and specific learning disorder. (T at 564).  She opined that Plaintiff's psychiatric and cognitive problems "may significantly interfere with [his] ability to function on a daily basis." (T at 564).  Dr. Sprung assessed no limitation in Plaintiff's ability to understand, remember, or apply simple directions and instructions and moderate limitations with respect to being aware of normal hazards and taking appropriate precautions. (T at 564).

Dr. Sprung opined that Plaintiff had moderate to marked limitation understanding, remembering, or applying complex directions and instructions; interacting adequately with others; sustaining concentration and performing at pace; sustaining an ordinary routine and regular attendance; and regulating emotions, controlling behavior, and maintaining well-being. (T at 564).

Dr. Sprung explained that Plaintiff's limitations were "caused by mood, anxiety and anxiety symptoms, and cognitive deficits." (T at 564).

Two non-examining State Agency review physicians, Dr. J. Weitzen and Dr. L. Haus, assessed mild limitations in Plaintiff's ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage himself. (T at 138-39, 152-53).

The ALJ deemed all three medical opinions only "partially persuasive" and found no limitation as to Plaintiff's mental functioning (T at 30-33)—a conclusion at odds with the State Agency physicians and dramatically different from the assessment of Dr. Sprung, a mental health professional who actually examined Plaintiff.

This was error. *See Amarante v. Commissioner of Social Security*, No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017)

10

(remanding where ALJ "improperly assume[d] the mantle of a medical expert"); *see also Bienvenido J.P. v. Commissioner of Social Security*, No. 20-CV-9270, 2022 WL 901612, at *5 n. 3 (S.D.N.Y. March 28, 2022) ("The ALJ remains a layperson and should not 'assume the mantle of a medical expert….'"); *Balotti v. Comm'r of Soc. Sec.*, No. 20-CV-8944 (RWL), 2022 WL 1963657, at *6 (S.D.N.Y. June 6, 2022).

Second, in reaching the conclusion that Plaintiff had no limitation in his ability to meet the mental demands of basic work activity the ALJ underrated important evidence of impairment and overrated the relevance of Plaintiff's ability to maintain appropriate affect during relatively brief encounters with supportive medical providers.

The Commissioner's regulations recognize that a claimant's "ability to complete tasks in settings that are highly structured, or that are less demanding or more supportive than typical work settings does not necessarily demonstrate [her] ability to complete tasks in the context of regular employment during a normal workday or work week."  20 C.F.R. Subpt. P, App. 1 § 12.00 (C) (6) (b); *see also Primo v. Berryhill*, No. 17 CIV. 6875 (LTS) (HBP), 2019 WL 2453343, at *13 (S.D.N.Y. Feb. 19, 2019)*, report and recommendation adopted sub nom. Primo v. Comm'r of Soc. Sec.,* No. 17 CV 6875-LTS-SLC, 2021 WL 1172248 (S.D.N.Y. Mar. 29,

11

2021)(noting that ALJs must recognize that "the effects of a mental health issue may be different in a work setting than in a non-work setting").

Here, the record contains evidence that Plaintiff's life is highly-structured and that he has had little to no exposure to the demands of a competitive, remunerative work environment.  Plaintiff was previously found to be disabled and entitled to Social Security disability benefits. (T at 463-64).  He attended school through the eleventh grade in special education. (T at 420, 561).  He has no past relevant work. (T at 79, 420).  And he lives in supportive housing through the Mental Health Association of New York City. (T at 561).

The primary question is the extent to which Plaintiff's psychiatric symptoms would be expected to be exacerbated if he was exposed to the demands of competitive, remunerative work on a consistent basis.  The judgment of the consultative examiner was that Plaintiff would be unable to meet many of the mental demands of basic work activity.  (T at 564).  The State Agency review physicians also found at least some degree of impairment arising in Plaintiff's mental functioning. (T at 138-39, 152-53).

The ALJ erred in rejecting those judgments and assessing *no* limitation in Plaintiff's ability to meet the mental demands of basic work activity. *See Flynn v. Comm'r of Soc. Sec. Admin.*, 729 Fed. Appx. 119,

121 (2d Cir. 2018) (decision to discount opinion based on treatment notes indicating claimant was "well-groomed and with calm affect" was "an assessment ... beyond the scope of the ALJ's authority"); *Gough v. Saul*, 799 F. Appx. 12, 14 (2d Cir. 2020)("We fear that the ALJ cherry-picked evidence from the record to support his conclusion that Gough could work full time even though the record as a whole suggested greater dysfunction.").

Third, the ALJ failed to adequately develop the record regarding Plaintiff's mental impairments.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

Further, "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

Here, the record is unclear as to the status of Plaintiff's mental health treatment.  During the administrative hearing, Plaintiff testified that he had been prescribed Xanax to "de-stress" and was seeing a therapist named Megan Donovan. (T at 116).  But Plaintiff's counsel during the administrative proceedings[3] provided conflicting information regarding the status of Plaintiff's mental health treatment and did not provide additional treatment records and/or seek the ALJ's assistance in obtaining those records. (T at 47, 64, 70-71, 75-76, 85, 88, 98-99, 103, 110, 121-22).

In panel opinions, the Second Circuit has held that an ALJ may, in certain circumstances, rely on counsel's certification that the record is

---

[3] Plaintiff is now represented by a different attorney.

14

complete. *See, e.g., Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005); *Frye v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir. 2012).

Yet, "it has stopped short of holding that the ALJ may delegate his or her duty to the claimant's counsel." *Sotososa v. Colvin*, No. 15-CV-854 (FPG), 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016); *see also Edwards v. Berryhill*, No. 3:17-CV-298 (JCH), 2018 WL 658833, at *12 (D. Conn. Jan. 31, 2018)("ALJs have a duty to develop the record even in cases where the claimant is represented by counsel and may not delegate her duty to develop the record to the claimant's attorney.").

"[R]emand is required whenever further development of the record is necessary, even where (as here) the underdevelopment of the record is attributable, in part, to inaction by the claimant's counsel." *Martinez v. Saul*, No. 3:19-CV-01017-TOF, 2020 WL 6440950, at *12 (D. Conn. Nov. 3, 2020)(quoting *Vincent v. Astrue*, No. 08-CV-0956 (VEB), 2010 WL 10827101, at *8 (N.D.N.Y. Mar. 30, 2010)).

"Where, as here, it is apparent from the face of the record that the record lacks necessary information, the ALJ cannot be relieved of his affirmative obligation to develop the record by a statement of counsel." *Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 346 (E.D.N.Y. 2010).

In the present case, the ALJ found that Plaintiff had *no* limitation in his ability to meet the mental demands of basic work activity.  As discussed above, in reaching this conclusion, the ALJ (1) did not find any of the medical opinions of record fully persuasive, (2) rejected the only functional assessment from an examining mental health professional, (3) disregarded evidence that Plaintiff may have been undergoing mental health treatment, and (4) underrated evidence that Plaintiff lived a limited, highly structured life that would tend to minimize the manifestation of his psychiatric symptoms.

It was error for the ALJ to reach a conclusion without obtaining more clarity as to the status of Plaintiff's mental health treatment and determining whether a treating provider might have been able to provide a functional assessment. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").[4]

---

[4] Plaintiff also contends that the ALJ should have developed the record regarding the impact of his bullous pemphigoid flare-ups on his ability to perform work. (T at 70, 112-

### B. Subjective Complaints

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

Nonetheless, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

---

13, 125).  A remand will also provide an opportunity for further development of the treatment record regarding this condition.

17

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted).

The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of

any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, Plaintiff testified as follows: He has sought mental health treatment sporadically because his symptoms "come in episodes." (T at 110). He has difficulty "doing a task and sticking with it without getting anxiety and also stress and that tends to come on whenever [he's] participating in something foreign to [him]." (T at 116). He avoids crowds and has interpersonal problems with neighbors. (T at 117-19).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and

19

limiting effects of those symptoms were not entirely consistent with the record. (T at 25).

But Plaintiff's subjective complaints are consistent with the assessment of Dr. Sprung—who provided the only opinion of record from a mental health professional who examined him.  As discussed above, the ALJ's consideration of Dr. Sprung's opinion was not supported by substantial evidence.  This, in turn, undermines the decision to discount Plaintiff's subjective complaints.  A remand therefore, is recommended.

### C. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

20

Given the deficiencies in the ALJ's analysis and the ALJ's failure to adequately develop the record as outlined above, it is recommended that this case should be remanded for further proceedings.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's request for judgment on the pleadings should be GRANTED; the Commissioner's request for judgment on the pleadings should be DENIED; and this case should be remanded for further proceedings under sentence four of section 405 (g) of the Social Security Act.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the District Judge. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on

appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010).


Dated: January 28, 2026                    *s/Gary R. Jones*
                                           GARY R. JONES
                                           United States Magistrate Judge

22